1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

ROBERT JOSEPH LUMPKIN,

          Plaintiff,

11

    v.

CASE NO. 2:23-cv-01086-RSL-GJL

ORDER DECLINING TO SERVE

12

BELLEVUE POLICE DEPARTMENT, *et al.*,

13

          Defendants.

14
15
16

     The District Court has referred this action to United States Magistrate Judge Grady J.

17

Leupold. This matter is before the Court on Plaintiff Robert Joseph Lumpkin's Motion to

18

Proceed *In Forma Pauperis* ("IFP") and proposed Complaint. *See* Dkt. 1. Because it is not clear

19

whether Plaintiff seeks relief available through a 42 U.S.C. § 1983 action for damages or a

20

habeas petition for release from confinement, the undersigned orders Plaintiff to clarify the

21

nature of his claims by filing either an amended § 1983 complaint or a habeas petition pursuant

22

to 28 U.S.C. § 2241 in this matter. Moreover, because the filing fees for habeas and § 1983

23
24

actions are different, the Court declines to rule on Plaintiff's IFP Application until Plaintiff has clarified the nature of his suit.

## I.    BACKGROUND

Plaintiff, a pretrial detainee confined in the South Correctional Entity ("SCORE Jail"), asserts 42 U.S.C. § 1983 claims against the Bellevue Police Department and an unidentified Bellevue Police officer. Dkt. 1-2. Plaintiff contends his due process rights and right to a speedy trial have been violated because he was not provided with a timely preliminary hearing after his arrest. *Id*. at 10. He also claims his case has been unjustifiably delayed while officials seek a competency evaluation, in violation of a settlement agreement in *Trueblood v. Wash. State Dep't of Health and Human Services*, No. 2:14-cv-01178 MJP, requiring restoration services within 7 to 14 days of an incompetency finding. Dkt. 1-2 at 10. Plaintiff seeks dismissal of his criminal charges. *Id*. at 9.

## II.    DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

### A.    Habeas Corpus versus § 1983 Action

Plaintiff has filed an action under § 1983, but seeks only dismissal of the pending criminal charges against him. Therefore, it is unclear from Plaintiff's proposed Complaint

whether Plaintiff seeks to proceed with this matter as a civil action for relief from unlawful

conditions of confinement under 42 U.S.C. § 1983 or whether Plaintiff seeks to challenge the

validity of his confinement through a habeas petition pursuant to 28 U.S.C. § 2241.

A pretrial detainee may bring an action under § 1983 for "constitutional questions

regarding the . . . circumstances of [his] confinement[.]" *See Trueblood v. Wash. State Dep't of

Soc. & Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016) (quoting *Or. Advocacy Ctr. v. Mink*,

322 F.3d 1101, 1120 (9th Cir. 2003)). A prisoner who seeks monetary damages because of an

alleged violation of constitutional rights must file a civil rights action pursuant to § 1983. *See

Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994); *see also Preiser v. Rodriguez*, 411 U.S. 475,

494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact

or length of his confinement, and he is seeking something other than immediate or more speedy

release—the traditional purpose of habeas corpus."). Importantly, however, "when a state

prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and

the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate

release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of

habeas corpus." *Preiser*, 411 U.S. at 500.

If Plaintiff is challenging the validity of his continued pretrial detention, then the

appropriate course of action is for him to file a habeas petition under 28 U.S.C. § 2241. *See

McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) ("[B]ecause Petitioner is a pretrial

detainee, he is not being held 'pursuant to the judgment of a State court.' 28 U.S.C. § 2254.

Therefore, his claims falls under 28 U.S.C. § 2241."). An "action lying at the core of habeas

corpus is one that goes directly to the constitutionality of the prisoner's physical confinement

itself[.]" *Preiser*, 411 U.S. at 503.

Thus, if Plaintiff wishes to proceed on claims to challenge the fact or duration of his custody, he must file a § 2241 habeas petition on the form provided by the Court. If Plaintiff is seeking to challenge something other than the fact or duration of his confinement—for instance, if he is seeking damages for conditions of confinement in violation of the U.S. Constitution— then he should file an amended § 1983 Complaint on the form provided by the Court.

### B.    Proper Defendants / Respondent

If Plaintiff brings a habeas petition seeking release from confinement, Plaintiff must name a proper respondent—which is the person who has custody over him. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Thus, the proper respondent to a § 2241 habeas petition would be the warden or superintendent of the facility where Plaintiff is confined. *Id.* at 435.

If Plaintiff brings a § 1983 claim, he must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

## III.    CONCLUSION

Because it is not clear from Plaintiff's filing whether he seeks relief available in habeas or relief available through a § 1983 action, the Court declines to serve the Complaint. In addition, because the filing fees for habeas and § 1983 actions are different, the Court declines to

1  rule on Plaintiff's IFP Application until Plaintiff has clarified the nature of his suit. The Court

2  directs the Clerk to re-note Plaintiff's IFP application for **September 8, 2023,** and to send

3  Plaintiff a copy of this Order, the forms for filing a § 1983 and a § 2241 habeas petition, and the

4  Court's prisoner litigation guide.

5         Plaintiff shall file either a completed § 1983 complaint or a § 2241 petition on or before

6  **September 8, 2023**. Failure to do so or to otherwise show cause shall be treated as a failure to

7  prosecute this matter and may result in dismissal of this case.

8         Dated this 4th day of August, 2023.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING TO SERVE - 5